```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

U.S. BANK NATIONAL ASSOCIATION,   )
as Trustee, etc.,                 )
                                  )
                Plaintiff,        )
                                  )
     v.                           )   No.  09 C 4074
                                  )
BRENDA MORAGNE-DIFFAY, et al.,    )
etc.,                             )
                                  )
                Defendants.       )

## MEMORANDUM OPINION AND ORDER

Brenda Moragne-Diffay ("Moragne-Diffay") has filed a pro se Notice of Removal ("Notice") to bring this mortgage foreclosure action from the Circuit Court of Cook County to this District Court.  Because Moragne-Diffay has also accompanied the Notice with an In Forma Pauperis Application ("Application"), this Court is entitled to evaluate her entitlement or lack of entitlement to in forma pauperis status in terms of both (1) her financial inability to pay the $350 filing fee and (2) her having advanced a claim that is non-frivolous in the legal sense (see, e.g., Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000)).

Because the Application reflects that Moragne-Diffay cannot afford to pay the filing fee, it is on the second of those requirements that she founders.  Although the Notice purports to invoke the provisions of the federal civil rights statutes and civil RICO as bases for federal jurisdiction, those assertions are at best potential <u>defenses</u> to the foreclosure action--they are certainly not the grounds on which Moragne-Diffay is being

sued.  It is of course well established that no such federal defense can bootstrap a quintessential state law action--such as the foreclosure of a real estate mortgage--into removability (see, e.g., <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998) and cases cited there).  And that being the case, Moragne-Diffay is prohibited from removing the case to this District Court for lack of subject matter jurisdiction.[1]

In short, Moragne-Diffay's attempted removal is indeed legally frivolous because she has struck out in her obligation to establish the existence of federal subject matter jurisdiction. Hence this Court remands this action to the Circuit Court of Cook County under 28 U.S.C. §1447(c) for lack of subject matter jurisdiction.

Although it is not entirely clear from the Notice how much (if anything) remains to be done in the underlying foreclosure action, the Clerk is ordered to transmit a certified copy of the remand order forthwith to enable the matter to proceed appropriately.  Finally, this remand order essentially moots the Application, which is consequently denied on that ground.

                                         _____
                                         Milton I. Shadur
Date:  July 9, 2009           Senior United States District Judge

---

[1] Moragne-Diffay has not advanced diversity of citizenship as a possible predicate for removal.  But if she were to attempt to do that in an effort to escape the consequences of her having failed to establish federal question jurisdiction, she would run head on into the 28 U.S.C. §1441(b) prohibition against removal by an in-state citizen.